# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA CORNETT | § | |
| | § | |
| V. | § | A-18-CV-698 LY |
| | § | |
| UNITED AIRLINES, INC. AND RICK | § | |
| CONTRERAS | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Richard Contreras' 12(b)(6) Motion to Dismiss (Dkt. No. 7); Plaintiff's Motion for Remand and Request for Costs and Expenses (Dkt. No. 17); and the various Response and Reply briefs. The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

Plaintiff Laura Cornett worked as a customer service representative for Continental Airlines, Inc. from October 1986 to October 2010. In October 2010, Continental and United Airlines, Inc. merged and United became Cornett's employer. Cornett continued to work as a customer service representative for United at Austin-Bergstrom International Airport up until she was terminated on October 18, 2016, for alleged employee misconduct. Cornett alleges that the real reason she was terminated was because of her age—she was 64 years-old at the time of her termination.

Cornett originally filed this lawsuit in state court, alleging that United and her supervisor, Richard Contreras, negligently and grossly negligently violated Chapter 21 of the Texas Labor Code

by discriminating against her because of her age. *See Cornett v. United Airlines, et al.*, No. D-1-GN-18-003455 (98th Dist. Ct. Travis County, Tex. July 12, 2018) (Exh. A to Dkt. No.17). On August 17, 2018, United, a foreign corporation and a citizen of Illinois, removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. No. 1. While there is not complete diversity between the parties, since both Cornett and Contreras are Texas citizens, United argues that Contreras was improperly joined to defeat diversity jurisdiction, and the Court should therefore not consider Contreras' citizenship for jurisdictional purposes. United argues that because Contreras is not an "employer" under the Texas Labor Code he cannot be sued individually for violating the statute. United removed the case and Cornett in turn has filed a Motion for Remand, arguing that there is not complete diversity, and she has not alleged any federal causes of action. Contreras has also filed a motion to dismiss the claims against him for failure to state claim.

## III. ANALYSIS

As the issue of whether Contreras is a proper defendant will determine whether the Court has jurisdiction over this case, the Court must address that issue first. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981) (fraudulent joinder issue presents a "threshold question").

**A.** **Diversity and Improper Joinder**

The removal statutes are the starting point for analyzing any claim of improper joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied, which includes the requirement of "complete" diversity of citizenship. *Smallwood*, 385 F.3d at 572. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons

2

on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); see also 28 U.S.C. § 1332. A non-diverse defendant does not destroy diversity, however, when that defendant was "improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood*, 385 F.3d at 572. The burden in demonstrating that a party has been improperly joined is on the removing party (here, United), and the Fifth Circuit has described it as a "heavy burden." *Id.* at 574. The circuit has recognized two avenues to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

Here, United's argument is based on the second of these two options, arguing that Cornett cannot establish that she has a claim against Contreras. To show this, United must demonstrate that "there is no possibility of recovery by [Cornett] against [Contreras], which stated differently means that there is no reasonable basis for the district court to predict that [Cornett] might be able to recover against [Contreras]." *Smallwood*, 385 F.3d at 573. In resolving this issue, the court in most instances will conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In undertaking the improper joinder analysis, the Court applies federal, not state, pleading standards. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), *cert. denied*, 137 S.Ct. 1339 (2017).

    **B.**    **Has Contreras been improperly joined?**

As noted, Cornett alleges that Contreras negligently and grossly negligently violated Section 21.051 of the Texas Labor Code. Chapter 21 of the Labor Code prohibits an "employer" from refusing to hire, discharging or discriminating against an individual on the basis of, among other things, age. TEX. LABOR. CODE § 21.051. The Labor Code does not make individuals liable for employment discrimination, only "employers." Thus, to prevail on her Labor Code claim against Contreras, Cornett must establish that Contreras was her "employer." *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 742 (Tex. App.– Houston [1st Dist.] 2011). The statute defines "employer" as:

(A)    a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year;

(B)    an agent of a person described by Paragraph (A);

4

(C) an individual elected to public office in this state or a political subdivision of this state; or

(D) a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed.

TEX. LABOR CODE § 21.002 (8). "Supervisors and managers are not considered employers under the Texas Labor Code and, therefore, are not individually liable for age discrimination." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (citing *Benavides v. Moore*, 848 S.W.2d 190, 198 (Tex. App. 1992, writ denied)). This is not a new development, and many many cases have so held.[1]

Cornett attempts to avoid this clear precedent by contending that she is not suing Contreras in his individual capacity, but rather in his capacity "as an agent of Defendant United Airlines, Inc." Relying on § 21.002(8)(B), she contends that because she is suing Contreras "as an agent of United," "he is considered an employer for purposes of the Texas Labor Code." Dkt. No. 18 at 5. This argument, however, is precluded by Fifth Circuit precedent. In a 2002 case, the plaintiff similarly argued that she could sue her former supervisors under the Louisiana Commission on Human Rights Act (which is identical to the Texas Labor Code in all relevant respects) because the supervisors

---

[1]*See e.g.*, *Erving v. Dallas Hous. Auth.,* 2018 WL 4409797, at *5 (N.D. Tex. Sept. 17, 2018) ("[B]ecause Chapter 21 of the Texas Labor Code was modeled to execute the policies of Title VII, supervisory personnel are not liable in their individual capacity for violations of Chapter 21."); *Parga v. Kuehne + Nagel Inc.*, 2008 WL 11333926, at *4 (W.D. Tex. Nov. 12, 2008) ("As Larios was Plaintiff's supervisor rather than "employer," Plaintiff's discrimination claim against Larios fails as a matter of law."); *Washburn v. Texas*, 2008 WL 170033, at *4 (W.D. Tex. Jan. 16, 2008) (dismissing discrimination claims against supervisors because "the Labor Code does not provide for liability for individual supervisors."); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App. 2000, pet. denied) ("[S]upervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA.").

were "agents" of the company. *Smith v. Amedisys Inc.*, 298 F.3d 434 (5th Cir. 2002). Looking to the analogous federal statute, Title VII, the Fifth Circuit rejected this argument:

> Under Title VII, an "employer" includes any "person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. § 2000e(b). This circuit has held that there is no individual liability for employees under Title VII. While Title VII's definition of the term employer includes "any agent" of an employer, Congress's purpose was merely to import *respondeat superior* liability into Title VII. Further, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity. Under the reasoning of our case law interpreting Title VII, the individual Defendants cannot be liable to Smith in their individual or official capacities under the LCHRA.

*Id.* at 448-49.[2] Texas courts have also rejected plaintiff's argument that Contreras qualifies as an "agent" of his employer for purposes of § 21.002(8)(B). *See Sterkenburg v. Bittner*, 1999 WL 190241, at *3 (Tex. App. –Austin 1999, no pet.) ("[w]e have held that a supervisor is not an agent within the meaning of the Act."). Accordingly, Contreras cannot be liable to Cornett in his individual or official capacities under the Texas Labor Code.

Based upon the clear law, United has met its burden of demonstrating that there is no reasonable probability that Cornett could recover against Contreras and, therefore, Contreras was improperly joined. When a defendant has been improperly joined to defeat diversity, the appropriate action is to dismiss all claims against that defendant without prejudice. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). Such a dismissal is a dismissal for lack of subject matter jurisdiction, and not for failure to state a claim:

---

[2]Courts analyze Title VII and parallel claims under the Texas Labor Code identically. "Because TCHRA is intended to correlate with Title VII, the same analysis is applied for each claim." *Allen v. Radio One of Tex. II, L.L.C.*, 515 F. App'x. 295, 297 (5th Cir.), *cert. denied*, 571 U.S. 880 (2013); *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 404 n.2 (5th Cir. 1999) ("[T]he law governing claims under the TCHRA and Title VII is identical.").

> . . . the only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction. (To dismiss on any other basis would require the presence of jurisdiction that does not exist.) The court has ample authority to dismiss for lack of jurisdiction under the Federal Rules of Civil Procedure, which "apply to a civil action after it is removed from a state court." Unlike the typical dismissal under Rule 12(b)(6), for instance, which "operates as an adjudication on the merits," a dismissal for lack of jurisdiction under Rule 12(b)(1), for instance, does not. Therefore, the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal without prejudice in every instance.

*Id.* Accordingly, the appropriate resolution here is to dismiss the claim against Contreras without prejudice against for lack of subject matter jurisdiction, deny Cornett's motion to remand, and deny the motion to dismiss under Rule 12(b)(6) as moot.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** all claims against Richard Contreras **WITHOUT PREJUDICE** for lack of subject matter jurisdiction, **DENY** Plaintiff's Motion for Remand and Request for Costs and Expenses (Dkt. No. 17) and **DENY AS MOOT** Defendant Richard Contreras' 12(b)(6) Motion to Dismiss (Dkt. No. 7). If the district judge adopts this recommendation, the style of the case should be changed to *Laura Cornett v. United Airlines, Inc.*

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo*

review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of February, 2019.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE