# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA CORNETT | § | |
| | § | |
| V. | § | A-18-CV-698 LY |
| | § | |
| UNITED AIRLINES, INC. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant United Airlines, Inc.'s Motion for Summary Judgment (Dkt. No. 29); Plaintiff's Response and Motion for Leave of Court to Amend Petition (Dkt. No. 30);[1] and Defendant's Reply (Dkt. No. 31). The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

This is an age discrimination case. Plaintiff Laura Cornett worked as a customer service representative for Continental Airlines, Inc. from October 1986 to October 2010. In October 2010, Continental and United Airlines, Inc. merged and United became Cornett's employer. Cornett continued to work as a customer service representative for United at Austin-Bergstrom International Airport up until she was terminated on October 18, 2016, allegedly for employee misconduct. Cornett contends that the real reason she was terminated was because of her age, as she was 64 years-old at the time of her termination.

---

[1] United correctly notes that Cornett's Response was untimely. *See* Local Rule CV-7(e)(2) (responses to dispositive motions are due 14 days after the motion). The Court chooses to nonetheless consider the Response.

Based on the evidence of record, it appears Cornett initiated her complaint against United by a charge of age discrimination in a letter dated April 25, 2017, sent to the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 29-3 at 57-61. Cornett's written allegations were received by the EEOC on May 3, 2017, and Cornett's charge was perfected on May 14, 2019. Dkt. No. 29-3 at 2, 14. Pursuant to the Worksharing Agreement between the EEOC and the Texas Workforce Commission-Civil Rights Division ("TWC"), Cornett's charge was effectively dual-filed with the TWC on that date as well. Dkt. No. 29-4 at 2. *See Griffin v. City of Dallas*, 26 F.3d 610, 612–13 (5th Cir. 1994).

Following its investigation of Cornett's allegations, the EEOC provided a notice of dismissal and notice of Cornett's right to sue by letter ("Notice of Right to Sue"), dated April 17, 2018. Dkt. No. 29-3 at 4-6. The Notice of Right to Sue provided that Cornett had ninety (90) days in which to file suit to pursue her claims in federal court under the federal Age Discrimination in Employment Act ("ADEA"). *Id*. There is no evidence of record of any similar notice of right to sue issued by the TWC. On July 12, 2018, Cornett filed suit against United and her former supervisor in state court, alleging employment discrimination in violation of Chapter 21 of the Texas Labor Code. *See Cornett v. United Airlines, et al.*, No. D-1-GN-18-003455 (98th Dist. Ct. Travis County, Tex. July 12, 2018) (Dkt. No. 29-2 at 4). United, a foreign corporation and a citizen of Illinois, subsequently removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), contending that the joinder of the supervisor was done solely to defeat diversity. Cornett argued he was properly joined and moved to remand to state court. *See* Dkt. No. 17. On February 5, 2019, this Court found Contreras was improperly joined and, accordingly, recommended the District Court dismiss

Cornett's claims against Contreras and deny her Motion to Remand. Dkt. No. 22. The District Court adopted the Report and Recommendation on March 19, 2019. Dkt. No. 25.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required

to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## III. ANALYSIS

United argues that it is entitled to summary judgment because Cornett did not comply with the procedural requirements to maintain a claim for age discrimination. In short, United argues that Cornett asserted her claim exclusively under Chapter 21 of the Texas Labor Code and failed to comply with the procedural requirements of filing such a claim. Cornett argues that her petition set forth claims under both Chapter 21 and the federal Age Discrimination in Employment Act (ADEA), and contends she properly exhausted her administrative remedies and otherwise complied with the procedural requirements of each statute. In the alternative, Cornett seeks leave of court to amend her petition to include an ADEA claim. United responds that any federal claims are also time-barred and the judicial estoppel doctrine prevents Cornett from retroactively asserting them.

**A.    Timeliness of Cornett's Chapter 21 claim.**

The Texas Commission on Human Rights Act ("TCHRA"), as codified in the Texas Labor Code, provides a private right of action to persons "claiming to be aggrieved by an unlawful employment practice[.]" TEX. LABOR CODE § 21.201. To pursue a lawsuit under this statute, a plaintiff must first have exhausted her administrative remedies. *Id.* Specifically, she must have filed an administrative complaint with the Equal Employment Opportunity Commission or the Texas Workforce Commission, "not later than the 180th day after the date the alleged unlawful

4

employment practice occurred." TEX. LABOR. CODE §§ 21.201(a); 21.202; *see, e.g., Arroyo v. iGate Americas, Inc.*, 2014 WL 2091247, at *3 (W.D. Tex. Feb. 25, 2014). This time limit is "mandatory and jurisdictional." *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991). Where a complainant fails to exhaust her administrative remedies, including failing to file a charge by the strict 180-day deadline, the claim is barred and summary judgment is appropriate. *See id.* at 488; *Green v. Aluminum Co. of America*, 760 S.W.2d 378, 380 (Tex.App.—Austin 1988, no writ) ("This suit is based entirely on a statutory cause of action arising under the [Texas Labor Code]. The statutory provisions are, therefore, mandatory and exclusive and must be followed or the action is not maintainable because of a lack of jurisdiction.").

Cornett clearly asserts a claim against United under Chapter 21 of the Texas Labor Code. *See* Dkt. 29-1 at 4; *see also* Dkt. No. 17 at 7 (Cornett's cause of action against United "arises under Texas Labor Code 21.051(1)"). To maintain this claim, Cornett must have filed a charge with either the EEOC or the TWC within 180-days of the alleged unlawful employment practice, her termination on October 18, 2016. Accordingly, Cornett was required to have filed a charge by Monday April 17, 2017.[2] The undisputed evidence shows Cornett's charge was not filed and perfected until May 14, 2017.[3] Dkt. No. 29-3; Dkt. No. 29-4. United's Motion makes a prima facie showing that Cornett's Chapter 21 claim is time-barred, and Cornett has offered no competent summary judgment evidence

---

[2] Cornett's charge lists the date of the alleged unlawful employment practice as October 18, 2016, (Dkt. No. 29-4 at 4), while the record indicates Cornett was informed of her termination by letter on October 19, 2016 (Dkt. No. 29-5); however, using either date the conclusion is the same, because 180-days from October 18, 2016, falls on a weekend and thus result in the same filing deadline, Monday April 17, 2017.

[3] Even calculating based on Cornett's initial letter to the EEOC, dated April 25, 2017, (Dkt. No. 29-3 at 56) Cornett's charge was still late.

to indicate otherwise. Thus, because Cornett did not comply with the strict filing requirements under § 21.202, her charge was untimely and United is entitled to summary judgment as to Cornett's Chapter 21 claim.

**B.      Assertion of a Federal Claim**

United argues that Cornett brought her suit exclusively under Chapter 21 of the Texas Labor Code. Dkt. No. 29 at 2. United points to the indisputable fact that in multiple filings to this Court, Cornett has represented her suit against United as solely arising under state law. *See* Dkt. 29-1 at 4 (Cornett's Original Petition, asserting her suit under Chapter 21 of the Texas Labor Code only); Dkt. No. 17 at 1, 7 (Cornett's Motion to Remand, representing her claim as "arising totally under the Texas Labor Code," and further that, "no federal question or law of the United States is involved or presented."). In response to United's Motion for Summary Judgment, Cornett argues that in addition to the Chapter 21 claim, her petition also brought a federal ADEA claim by incorporation. Cornett contends that her original petition "set forth a factual basis sufficient to support an age-discrimination claim under the ADEA." Dkt. No. 30 at 8. Cornett further argues that because her petition concluded with a prayer for "all other relief to which Plaintiff is entitled to in law or equity," that Cornett adequately pled an ADEA claim. Dkt. No. 30 at 7. Cornett's contention that she has already adequately pled a federal cause of action is inconsistent with her prior representations. In fact, her pleadings affirmatively disclaimed that she was pleading any such cause of action. Cornett has alleged only a state cause of action under Chapter 21, and she cannot credibly claim otherwise.

**C.      Leave to Amend**

In her Response, Cornett requests that "in the event that the court should find that Plaintiff did not plead her ADEA claim with sufficient specificity, then Plaintiff moves the court for leave

to amend the petition." Dkt. No. 30 at 9-10. Rule 15(a)(2) provides that a party may amend its pleading with leave of court. FED. R. CIV. PRO. 15(a)(2). Discretion to grant leave to amend lies with the court, and the Rules dictate it should be "freely given" when justice requires. *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999). Here, United argues leave to amend should be denied for three reasons: (1) the judicial estoppel doctrine applies and Cornett should be estopped from asserting any federal causes of action; (2) any federal claims are time-barred; and (3) the deadline to amend under the parties' Proposed Scheduling Order has passed.

### 1. Judicial Estoppel Doctrine

United first argues that granting Cornett leave to amend her petition would be futile because the judicial estoppel doctrine prevents Cornett from asserting a federal claim. Dkt. No. 31 at 4-8. Judicial estoppel is an equitable doctrine which provides a court may use its discretion to prevent a party from asserting a position that is contradictory to a position that party previously took in the same proceeding. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003). The judicial estoppel doctrine "is not intended to stop all inconsistencies." *Gamblin v. Mississippi Farm Bureau Mut. Ins. Co.*, 2010 WL 1780221, at *5 (S.D. Miss. Apr. 30, 2010). Moreover, judicial estoppel is "designed to protect the judicial system, not the litigants." *Superior Crewboats, Inc. v. Primary P & I Underwriters*, 374 F.3d 330, 334 (5th Cir. 2004); s*ee also Teledyne Industries, Inc. v. National Labor Relations Board*, 911 F.2d 1214, 1217-18, n. 3 (6th Cir. 1990) ("judicial estoppel . . . is designed to prevent parties from contradicting a prior court determination, not themselves."). The Supreme Court identified the following factors to consider when deciding whether to apply the judicial estoppel doctrine: (1) whether the party is asserting a position which is plainly inconsistent with its previous position in the same or earlier proceeding; (2) whether the court accepted the

previous position; and (3) whether the party seeking to assert the inconsistent position would gain an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

Here, United is correct that Cornett is asserting a position which is inconsistent with her earlier position. However, the Court does not find judicial estoppel appropriate. United argues the Court relied on Cornett's prior representations that she only sought relief under state law when ruling on her Motion to Remand. That is incorrect. The Court's ruling on the motion to remand relied solely on the fraudulent joinder doctrine, and whether there was complete diversity between the parties. No one ever asserted that there was federal question jurisdiction, and that issue never entered into the Court's conclusions. Whether Cornett asserted a state or federal claim was not relevant to the question before the Court at that time, and accordingly any such representations cannot be considered "accepted" by the Court. *See Ford-Evans v. United Space All. LLC,* 329 F. App'x 519, 525-26 (5th Cir. 2009). Moreover, there is no unfair advantage to Cornett nor any unfair detriment to United in allowing Cornett leave to amend her petition to include a federal ADEA claim. Although Cornett previously pled her suit as a Chapter 21 claim only, the underlying factual basis for an ADEA claim is no different and United is not prejudiced by the change in the specific statute Cornett relies on for her claim, as the claims under either are identical.

United's reliance on *Bauer v. Dean Morris, L.L.P.*, is misplaced. 2010 WL 4103192, (E.D. La. Oct. 18, 2010). In *Bauer*, the court invoked judicial estoppel to prevent a plaintiff from amending to include federal claims where the plaintiff had specifically "disclaimed" those claims and the court had actually relied on that disclaimer in remanding the case to state court. *Id.* at *6. The case at bar is not analogous. Cornett never specifically "waived" or "expressly disclaimed" her

federal cause of action, nor has the Court relied on any such representation. Any resources United has expended in responding to the Chapter 21 claim asserted in Cornett's original petition are applicable to an ADEA claim based on the same underlying facts, so unlike *Bauer*, there is no prejudice to United in allowing leave to amend. The Court declines to apply the judicial estoppel doctrine to prevent Cornett from amending her pleadings to include a federal ADEA claim.

    **2.    Timeliness of a Federal ADEA Claim.**

United argues that any federal claims Cornett might file would be time-barred because Cornett failed to file them within ninety (90) days of receiving the Notice of Right to Sue from the EEOC. Cornett argues the relation-back doctrine applies and because her amended pleading relates back to her original petition filing date her ADEA claim is timely.

The "relation-back doctrine" provides that where an amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," then the amended pleading shall relate back to the date of the original pleading. FED. R. CIV PRO. 15(c)(1)(B); *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). The relation-back doctrine is controlled "not by the caption given a particular cause of action, but by the underlying facts upon which the cause of action is based." *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991); *Lee v. Mission Chevrolet, Ltd.*, 2017 WL 4784368, at *5 (W.D. Tex. Oct. 23, 2017). The relation-back doctrine is to be "liberally applied," so that as long as the original complaint put the defendant on adequate notice of the claim, an amended complaint arising out of the same facts will not be time-barred. *Galvan v. Bexar County, Tex.*, 785 F.2d 1298, 1305 (5th Cir. 1986). *See Richardson v. Porter Hedges, LLC*, 22 F. Supp. 3d 661, 668 (S.D. Tex. May 28, 2014).

9

The EEOC's Notice of Right to Sue letter is dated April 17, 2018. Dkt. No. 29-3 at 4-6. Cornett filed her original petition in state court on July 12, 2018, less than 90 days from the date of the letter. Dkt. No. 29-1.[4] Although in her original petition Cornett asserted only state law Chapter 21 claims, those claims are based on the same set of facts that give rise to Cornett's ADEA claims. *See Watkins*, 922 F.2d at 265. Both claims arise out of the same occurrence: Cornett's termination from United. Cornett's ADEA claim is based on the same allegations of discrimination originally complained of in the EEOC charge and later asserted in her original petition. Allowing Cornett to amend her pleadings to include the ADEA claim, "works no hardship" on United, because "the original complaint furnished adequate notice of the nature of the suit." *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1070 (5th Cir. 1981). Accordingly, because the ADEA claim arises out of the same set of facts as the original petition filed in state court, the amended claim relates back to the original filing date and Cornett's claims are not barred by the 90-day filing period. *See Moore v. Baylor Health Care System* , 2004 WL 884436, *4 (N.D. Tex. April 23, 2004).

3. **Scheduling Order.**

Finally, United argues Cornett failed to amend her petition by the June 24, 2019, set forth in the parties' Proposed Scheduling Order. However, the parties' Proposed Scheduling Order was only "tentatively approved," and never formally adopted by the Court. Dkt. No. 28. Notably, there has been no pretrial conference in this case, nor have any formal deadlines been established by the

---

[4]This is assuming the date of the letter is also the date Cornett received it. Where the date of receipt of the Notice of Right to Sue is unknown or is in dispute, courts presume it was received within three to seven days after it was mailed, unless otherwise shown. *Richardson*, 22 F. Supp. 3d at 667. Thus, the suit is timely even under the most restrictive application of the 90-day deadline.

Court.[5] Accordingly, this Court finds the Proposed Scheduling Order does not prevent this Court from granting Cornett leave to amend her petition.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** United's Motion for Summary Judgment (Dkt. No. 29) as Cornett's Chapter 21 claims are time-barred. However, the undersigned **FURTHER RECOMMENDS** that the District Court **PERMIT** Cornett leave of court and a defined period of time in which to amend her pleadings to include a federal cause of action under the ADEA, as discussed above.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

---

[5] Moreover, even if the deadline set forth in the Proposed Scheduling Order had become effective, Rule 16(b)(4) states the court may modify a scheduling order for good cause, which for the reasons discussed above, exists here. FED. R. CIV. PRO. 16(b)(4).

SIGNED this 5th of November, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE