IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA CORNETT | § | |
| | § | |
| v. | § | A-18-CV-698 LY |
| | § | |
| UNITED AIRLINES, INC. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant United Airlines, Inc.'s Motion for Summary Judgment (Dkt. No. 48); Plaintiff's Response (Dkt. No. 53); and Defendant's Reply (Dkt. No. 54). The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I.   GENERAL BACKGROUND

This is an age discrimination case. Plaintiff Laura Cornett brings claims against her former employer, United Airlines, Inc., for violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1). Cornett began working as a customer service representative for Continental Airlines, Inc. in December 1986. In October 2010, Continental and United merged, and United became Cornett's employer. Cornett continued to work as a customer service representative for United at the Austin Bergstrom International Airport until she was terminated in October 2016.

Cornett alleges that she was terminated by United her because of her age. She was 64 years-old at the time of her termination in October 2016. United contends that Cornett was terminated not because of her age, but for violating its "Waivers and Favors" policy for employees by improperly

providing ticket upgrades and flight changes without charging for the fare changes, citing the company's zero tolerance for violations of the policy.

On July 12, 2018, Cornett filed suit against United in state court,[1] alleging employment discrimination in violation of Chapter 21 of the Texas Labor Code. *See Cornett v. United Airlines, et al.*, No. D-1-GN-18-003455 (98th Dist. Ct. Travis County, Tex. July 12, 2018) (Dkt. No. 29-2 at 4). United, a foreign corporation and a citizen of Illinois, subsequently removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). United filed its first motion for summary judgment on July 16, 2019. Dkt. No. 29. On November 20, 2019, the District Court adopted this Court's report and recommendation (Dkt. No. 38) dismissing Cornett's claims under the Texas Labor Code as time-barred and granting Cornett leave to amend her pleadings to include a federal claim under the Age Discrimination in Employment Act (Dkt. No. 39). Cornett filed her Second Amended Complaint on November 21, 2019. Dkt. No. 42. United now seeks summary judgment on Cornett's ADEA claims. Dkt. No. 48.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] Cornett originally also brought claims against her former supervisor, Richard Contreras. On March 19, 2019, the Court dismissed the claims against Contreras. Dkt. No. 25.

242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *Id.*  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

### III.  SUMMARY JUDGMENT EVIDENCE

As an initial matter, United objects to portions of the summary judgment evidence Cornett submitted with her Response to United's motion.  *See* Dkt. No. 54 at 1-4. The undersigned has reviewed the challenged evidence and determined that it is immaterial to the outcome of the

summary judgment motion.  The Court will therefore deny United's objections as moot.  *See Jones v. United Parcel Service, Inc*., 2008 WL 2627675, at *6 (N.D. Tex. June 30, 2008) (denying as moot the plaintiff's objections and motion to strike summary judgment evidence where the court determined that the objected-to evidence was "not central to the court's conclusions, and sustaining the parties' objections would not change the result".).

## IV. ANALYSIS

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a) (1998).  The ADEA allows for both disparate treatment claims and disparate impact claims.  *See Smith v. City of Jackson*, 544 U.S. 228 (2005) (holding that disparate impact claims are available under the ADEA); *Hazen Paper Co. v. Biggins*, 507 U .S. 604, 609 (1993) (noting that the statutory language of the ADEA allows for disparate treatment claims).  Cornett alleges United violated the ADEA by terminating her because of her age, asserting claims of disparate treatment and disparate impact age discrimination. The Court addresses her disparate treatment claim first.

### A.      Disparate Treatment Claim

Disparate treatment claims under the ADEA are analyzed under the *McDonnell Douglas* burden shifting approach.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Woodhouse v. Magnolia Hosp*., 92 F.3d 248, 252 (5th Cir. 1996).  Pursuant to this burden shifting approach, a plaintiff must create an inference of discrimination by initially establishing a prima facie case of discrimination.  *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 142 (2000).  Once established, this prima facie case raises a rebuttable presumption that discrimination occurred.  *Id.*

The burden of production then shifts to the defendant employer, who must articulate a legitimate non-discriminatory reason for its employment decision. *See Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir. 2001).  If the defendant provides a legitimate reason, in order to defeat summary judgment, the plaintiff must demonstrate that the defendant's reason is a pretext for discrimination. *See Evans*, 246 F.3d at 350.

A prima facie case of age discrimination is established by evidence that (1) the plaintiff is within the protected class; (2) she is qualified for the position; (3) she suffered an adverse employment decision; and (4) she was either replaced by someone outside of the protected class, replaced by someone younger, or treated less favorably than similarly situated, younger employees. *Smith v. City of Jackson*, 851 F.3d 183, 196 (5th Cir. 2013).  Here, it is not contested that Cornett was within a protected class, was qualified for her position, and was terminated.  Further, United "does not dispute for purposes of this summary judgment motion that Plaintiff can establish that she was replaced by Tracy Curtis, who was over age 40 and in the protected class, but nonetheless a few years younger than Plaintiff."  Dkt. No. 48 at 14.

Since Cornett satisfies her burden of establishing a prima facie case, the burden shifts to United to produce evidence of a legitimate, non-discriminatory reason other than Cornett's age for her termination.  *See Rollins v. Clear Creek Indep. Sch. Dist.*, 2006 WL 3302538, at *3 (S.D. Tex. Nov. 13, 2006). "This burden is one of production, not persuasion," and can involve no credibility assessment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).  United claims that its reason for terminating Cornett was not because of her age, but because Cornett violated its company "Waivers and Favors" policy by providing flight upgrades and flight changes to friends without charge.  *See* Dkt. No. 48 at 14-16.  United points to evidence that in September 2016, a

routine corporate security data search revealed that between September 2014 to April 2016, Cornett had made six improper upgrades or flight changes for friends without charging fees, in violation of the policies. Dkt. No. 48-2; Dkt. No. 48-3 at 14. United also relies on Cornett's testimony that she received training on the policies and understood that making non-routine reservations for friends of family members without written approval would be in violation of United's Ethics and Compliance Guidelines, as well as her testimony confirming that she made the upgrades and flight changes at issue. Dkt. No. 48-5 at 24-27, 37-38. Thus, United has established that its decision to terminate Cornett was not made based on her age, but rather because of her violations of the company's policies.

Because United has presented a legitimate, non-discriminatory reason for the termination, Cornett must show that United's reason is a pretext to prevail. To prove pretext, a plaintiff must prove by a preponderance of the evidence that the employer's proffered explanation is "not its true reason[ ], but [is] a pretext for discrimination" or otherwise offer evidence that is probative of intentional discrimination. *Reeves,* 530 U.S. at 143; *see also Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) ("On summary judgment, in this third step, the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision."). Here, Cornett simply fails to present evidence to support her argument that United's reason for terminating her employment was a pretext. Cornett offers no evidence controverting United's evidence that she violated the company's policy and was subsequently terminated for those violations. United has presented evidence supporting a legitimate, non-discriminatory reason for its actions and Cornett offers nothing but a threadbare assertion that United's decisions were motivated by discriminatory animus. As United notes in its reply, Cornett's

response "largely quotes from her Complaint, and makes assertions not based upon any evidence." Dkt. No. 54 at 5.  This is insufficient to survive summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Cornett's disparate treatment discrimination claim cannot overcome United's Motion for Summary Judgment and should be dismissed.

### B.    Disparate Impact Claim

Claims of discrimination based on a theory of disparate impact involve "employment practices or policies that are facially neutral in their treatment of . . . protected groups, but, in fact, have a disproportionately adverse effect on such . . . protected group[s]." *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006).  Unlike disparate treatment claims, disparate impact claims do not require a showing of discriminatory motive. *Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 (1977).  Instead, to demonstrate that a facially neutral policy has a disparate impact on a protected class, the plaintiff must "identify[ ]the specific employment practice that is challenged," and then offer statistical evidence that the disparity was caused by the practice. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988).

United contends that Cornett has failed to identify the specific policy or employment practice she alleges to be discriminatory. Dkt. No. 48 at 17-18.  It further argues that Cornett failed to present any statistical evidence or data showing any disparity caused by a specific United policy. *Id.*; Dkt. No. 54 at 8.  The Court agrees.  To prove a disparate impact claim, a plaintiff must do more than "simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005).  "Rather, the employee is 'responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities.'" *Id.* (quoting *Wards Cove Packing Co. v.*

*Atonio*, 490 U.S. 642, 656 (1989)). Here, Cornett fails to identify any specific policy she alleges is discriminatory and fails to present any competent summary judgment evidence, statistical or otherwise, of a United policy disparately impacting employees over the age of 40 years-old. Cornett has not met her burden to establish a disparate impact discrimination claim. *See Gilbreath v. Brookshire Grocery Co.*, 400 F. Supp. 3d 580, 592 (E.D. Tex. 2019); *Edwards v. Am. Healthways Servs., L.L.C.*, 2015 WL 5227817, at *5 (W.D. Tex. Sept. 8, 2015). Accordingly, United is entitled to summary judgment on Cornett's ADEA disparate impact claim.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** United's Motion for Summary Judgment (Dkt. No. 48), and **DISMISS** Cornett's claims **WITH PREJUDICE**. The Clerk is directed to return this case to the docket of the Honorable Lee Yeakel.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See*

28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of September, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE